# STATE OF MICHIGAN

# COURT OF APPEALS

In re T L MANKOWSKI, Minor.

UNPUBLISHED
October 14, 2014

No. 321143
Oakland Circuit Court
Family Division
LC No. 13-813879-NA

Before: STEPHENS, P.J., and TALBOT and BECKERING, JJ.

PER CURIAM.

Respondent N. Krueger appeals as of right from the trial court's order terminating her parental rights to the minor child.[1] We affirm the trial court's uncontested determination that a statutory ground for termination existed, but, because the trial court failed to consider the child's relative placement, we vacate the trial court's best interest analysis and remand for further consideration of that issue in light of the child's placement with her maternal grandmother.

Krueger pleaded no-contest to the allegations in the petition for permanent custody and does not challenge the trial court's determination regarding the statutory grounds for termination. Therefore, we affirm that aspect of the trial court's order. Krueger's sole contention on appeal is that the trial court erred in finding that termination of her parental rights was in the child's best interests. We agree that the trial court erred by failing to consider the child's relative placement.

We review the trial court's decision regarding the child's best interests for clear error.[2] "The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests."[3] In deciding whether termination is in the child's best interests, the trial court "should weigh all the evidence available" and "consider a wide variety of factors that may include 'the

---

[1] MCL 712A.19b(3)(g) (failure to provide proper care or custody), (j) (reasonable likelihood that the child will be harmed if he or she is returned to the parent's home), and (l) (the parent's rights to another child were terminated).

[2] *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

[3] *Id*.

child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home.' "[4]

Despite Krueger's arguments to the contrary, we agree with the trial court that there is evidence to support a finding that termination of Krueger's parental rights was in the child's best interests. Krueger had a 15-year history of substance abuse. During that time, she gave birth to two other children who were removed from her care. Krueger voluntarily released her parental rights to those two children. Krueger continued to use drugs and alcohol. She was convicted of drunk driving in 2010 and sentenced to probation, with the first 120 days to be spent in jail. While on probation, she completed a substance abuse treatment program, but she was subsequently convicted of possession of controlled substance analogues. Krueger also continued to use marijuana, including during her pregnancy with the child involved in this appeal, and both she and the baby tested positive for marijuana in October 2013.[5] Despite the positive drug screens of both Krueger and the baby, Krueger maintained that she had not used marijuana since April 2013, which supported a psychologist's testimony that she minimized her substance abuse problem. The psychologist believed that Krueger had "a very high risk of relapsing" based on her continued abuse of drugs despite the consequences. Further, diluted urine specimens were collected in early 2014. This body of evidence establishes support for the trial court's finding that termination of Krueger's parental rights was in the child's best interests. That is not the end of the inquiry, however, because the evidence indicated that the child had been placed with a relative, her maternal grandmother.

"[A] child's placement with relatives weighs against termination" and the fact that a child is living with a relative is an "explicit factor" to be considered in determining whether termination is in the child's best interests.[6] "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal."[7]

A caseworker testified that the child had been placed with her grandmother and the trial court failed to address that placement in making its determination. We acknowledge the Department of Human Services' argument that there is evidence to support a finding that termination was in the child's best interests despite the child's relative placement because of Krueger's allegedly contentious relationship with her mother. Although the record indicates that the relationship was described as "incredibly contentious" at the preliminary hearing, it does not indicate whether it remained that way. The nature of the relationship between Krueger and her mother was not mentioned thereafter. In any event, this is a factor that the trial court should consider in addressing whether termination of Krueger's parental rights is appropriate in light of

---

[4] *Id.* (citation omitted).

[5] Krueger's medical records indicate that the result of her test was an "Unconfirmed Positive."

[6] *In re Mason,* 486 Mich 142, 164; 782 NW2d 747 (2010).

[7] *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

the child's placement with a relative. Accordingly, we vacate the trial court's best-interest decision and remand for reconsideration of this issue in light of the child's relative placement.

Affirmed in part, vacated in part, and remanded for further proceedings regarding the child's best interests in accordance with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Michael J. Talbot
/s/ Jane M. Beckering